UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEABURY FXONE LLC, SEABURY ASSET
MANAGEMENT LLC, AND SEABURY
INTERNATIONAL CAPITAL HOLDINGS
LLC,

                              Plaintiffs,

                - against –

U.S. SPECIALTY INSURANCE CO.
AND RSUI INDEMNITY CO.,

                              Defendants.

1:21-cv-00837-ER

[PROPOSED] CONFIDENTIALITY
STIPULATION
AND ORDER

Edgardo Ramos, U.S. District Judge

        The above-named parties (the "Parties") have agreed to the following terms of

confidentiality, and the Court having found that good cause exists for issuance of an

appropriately-tailored confidentiality order governing the above-captioned action (the

"Litigation"), it is therefore hereby:

        ORDERED that any party, entity, person or third-party ("Producing Party") subject to

this Confidentiality Order (the "Order"), including, without limitation, the Parties, their

attorneys, representatives, agents, experts and consultants, all third parties providing discovery in

the Litigation, and all other interested persons or entities with actual or constructive notice of the

Order, shall adhere to the following terms, upon pain of contempt:

        Expect as otherwise provided by written stipulation of the Parties or by Court Order:

        1.       Any Producing Party who receives, produces, makes available for inspection,

possesses, or otherwise submits any documents, items, information or materials, however

embodied (including written discovery responses and testimony) in the course of the Litigation

(the "Discovery Material") that is designated as "Confidential" pursuant to the terms of the Order

shall not disclose such Confidential Discovery Material to any person, entity and/or third-party

except as expressly permitted hereunder.

2.      The Producing Party producing Discovery Material shall designate as

Confidential only that portion of the Discovery Material that consists of: (a) information related

to the confidential arbitration commenced by Rosario Ingargiola and FXOne LLC that relates to

this dispute, including but not limited to decisions, orders, pleadings, transcripts, exhibits, and

invoices; (b) financial information; (c) information relating to ownership and/or control of any

non-public company; (d) business and/or marketing information or plans; (e) information of a

personal, intimate and/or business-sensitive nature regarding any person and/or entity; (f)

information prohibited from disclosure by statute; (g) information that reveals trade secrets; (h)

personal identity information;  and/or (i) any other category of information hereinafter given

confidential status pursuant to written stipulation of the Parties and/or by Court Order.

3.      A Producing Party shall have the right pursuant to the Order to designate as

Confidential any and all Discovery Material and/or portions thereof in accordance with

paragraph 2.

4.      The designation of any Discovery Material, or any portion thereof as Confidential

pursuant to the terms of the Order shall be made in the good faith judgment of counsel consistent

with the terms of the Order.

        With respect to the Confidential portion of any Discovery Material other than

deposition transcripts and exhibits, the Producing Party and/or that Producing Party's counsel

shall designate a document as Confidential for protection under this Order by placing or

affixing the words "CONFIDENTIAL  SUBJECT TO PROTECTIVE ORDER" on the

document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential information are not required to be marked.

5.      During a deposition, should a witness and/or Producing Party's counsel refer to or otherwise utilize Confidential Discovery Material, including, without limitation, as an exhibit, the Producing Party and/or that Producing Party's counsel shall indicate, on the record, that a question and/or answer has referred to or otherwise utilized Confidential Discovery Material, in which case the transcript of the so-designated testimony, and the Confidential portion of the Discovery Material so used as an exhibit or otherwise, shall be (i) bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter; or (ii) a heading can be placed on the first page of the transcript which states "Confidential Information Governed by Protective Order Contained Herein" and the pages containing the so-designated testimony can be marked as Confidential.

6.      If at any time prior to the commencement of trial in the Litigation, a Producing Party realizes that any portion(s) of any Discovery Material that that Producing Party previously produced should be designated as Confidential, the Producing Party may seek designation of those portion(s) of the previously produced Discovery Material as Confidential by utilizing the following procedure:

a.   The Producing Party shall give written notice to counsel of record for each party, person, entity and/or third-party who received such Discovery Material during the course of discovery (the "Receiving Party"), specifying the portion(s) of the Discovery Material as to which such Confidential designation is sought.

b.   If, after three (3) business days after the delivery of the written notice seeking Confidential designation, the Receiving Party does not provide written notice of its objection to the Confidential designation, then such information will be treated by all Parties as Confidential pursuant to the terms of the Order. To the extent there is an objection, if, after five (5) business days from the delivery of the written notice objecting to the designation of Confidentiality the Parties cannot reach an agreement resolving the objection, counsel for the Parties may submit the issue to the Court.

7.      No party, person, entity and/or third party subject to the Order, other than the Producing Party, shall disclose or otherwise make available any Confidential Discovery Material to any other party, person, entity and/or third party whatsoever, except to: (a) the Parties, including their affiliates and respective employees; (b) counsel retained specifically for the Litigation, including any associated attorneys, paralegals, and other professional personnel (including support staff); (c) as to any document, its author, its addresses, and any other person indicated on the face of the document as having received a copy; (d) any witness who counsel for

a Party in good faith believes may be called to testify at trial and/or deposition in the Litigation, provided such witness has first executed a Non-Disclosure Agreement in the form annexed as **Exhibit A** hereto; (e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with the Litigation, provided such person has first executed a Non-Disclosure Agreement in the form annexed as **Exhibit A** hereto; (f) court reporters, recorders, and/or stenographers engaged to transcribe depositions conducted in the Litigation; (g) deposition videographers: (h) the Court and its support personnel; (i) any reinsurer, accountant, actuary, auditor, or regulator to whom the Receiving Party (or its counsel of record) has an obligation to report and/or to provide access to its files; and (j) other persons only by written consent of the Producing Party or upon order by the Court and on such conditions as may be agreed or ordered.

8.      Prior to the disclosure by counsel for any of the Parties of any Confidential Discovery Material to any person referred to in subparagraphs 8(d) or 8(e) above, such person shall be provided with a copy of the Order and shall sign a Non-Disclosure Agreement in the form annexed as **Exhibit A** stating that that person has read the Order and agrees to be bound by its terms.

9.      All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be accompanied by a motion to file under seal regarding such Confidential Discovery Material. Unless otherwise ordered, any Party filing a motion or any other papers with the Court under seal shall publicly file a redacted copy of the same, via Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself and summaries,

descriptions, or other information describing, in whole or in part, such Confidential Discovery Material.

10.    Any Party who objects to any designation of Confidentiality shall, at any time prior to the commencement of trial, serve upon counsel for the designation party written notice stating, with particularity, the grounds for objection. If, after five (5) business days from the delivery of the written notice objecting to the designation of Confidentiality the Parties cannot reach an agreement resolving the objection, counsel for the Parties may submit the issue to the Court.

11.    Any Party who requests other limits on disclosure (such as "attorneys' eyes only") shall at any time prior to the commencement of trial serve upon counsel for the Designating Party written notice stating, with particularity, the grounds for the request. If, by five (5) business days after the delivery of the written notice, the Parties cannot reach an agreement resolving the request, counsel for the Parties may submit the issue to the Court.

12.    Each Party who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13.    If a Producing Party inadvertently discloses Discovery Material subject to a claim of attorney-client privilege, the protection afforded to work product materials, and/or any other applicable privilege or immunity ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a wavier or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter. If a Producing Party makes a claim of inadvertent disclosure, the Receiving Parties shall, within three (3) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a written certification of counsel that all such Inadvertently Disclosed Information

has been returned or destroyed. Within three (3) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Producing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information. The Receiving Parties may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any Party to request an in camera review of the Inadvertently Disclosed Information.

14.     Nothing herein shall prevent a Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or any other applicable privilege designation by submitting to the Producing Party a written challenge to such a designation within three (3) business days' time after the Producing Party notifies the Receiving Parties of the inadvertent disclosure and/or requests return of the Inadvertently Disclosed Information. If the Parties are unable to resolve such challenges within five (5) business days, the Party challenging the designation may submit the issue to the Court.

15.     The Order shall survive the termination of the Litigation. Within 30 days of the final disposition of the Litigation (including any appeals), all Confidential Discovery Material and all copies thereof shall be promptly returned to the Producing Party or destroyed. However, in the event that it is necessary for a Receiving Party to retain Confidential Discovery Material because of an obligation to report and/or to provide access to same to its reinsurer, accountant, actuary, auditor, or regulator, upon written notice to the Producing Party, the Receiving Party may continue to retain such Confidential Discovery Material, in accordance with the other

provisions of this Order. Notwithstanding anything to the contrary, counsel of record for the Parties may retain copies of Discovery Material, Confidential or otherwise, constituting work product, pleadings, motion papers, correspondence between the Parties, discovery requests and responses, transcripts, and deposition and trial exhibits. Counsel of record for the Parties shall not disclose such Discovery Material, Confidential or otherwise, to any third parties absent subpoena or court order.

16.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

ZUKERMAN GORE BRANDEIS
  & CROSSMAN, LLP

By: _____
    John K. Crossman
    Jesenia Ruiz de la Torre
Eleven Times Square
New York, New York 10036
(212) 223-6700
*Attorneys for Plaintiffs*


CLYDE & CO. US LLP

By: _____
    Justin Levy
    Scott Warren Schwartz
The Chrysler Building
405 Lexington Ave
New York, NY 10174
(212) 710-3900
*Attorneys for Defendant*
*U.S. Specialty Insurance Co.*

TRESSLER, LLP

By: _____
    Kiera Fitzpatrick
    Michael R. Delhagen
One Penn Plaza, Suite 4701
New York, New York 10119
(646) 833-0900
*Attorneys for Defendant*
*RSUI Indemnity Company*

8

SO ORDERED.

_____

Hon. Edgardo Ramos, U.S. District Judge

Dated:  New York, New York
        August 13, 2021

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEABURY FXONE LLC, SEABURY ASSET
MANAGEMENT LLC, AND SEABURY
INTERNATIONAL CAPITAL HOLDINGS
LLC,

                Plaintiffs,

     - against –

U.S. SPECIALTY INSURANCE CO.
AND RSUI INDEMNITY CO.,

                Defendants.

1:21-cv-00837-ER

**NON-DISCLOSURE AGREEMENT**

       I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purpose of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Confidential Stipulation and Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Confidential Stipulation and Order could subject me to punishment for contempt of Court.

Dated: _____            _____