**MEMO ENDORSED**

The motion to seal is granted. SO ORDERED.

_____
Edgardo Ramos, U.S.D.J
Dated: May 16, 2022
New York, New York

**CLYDE&CO**

Clyde & Co US LLP
1775 Pennsylvania Avenue NW
Suite 400
Washington, DC 20006
United States
Telephone: +1 202-747-5100
Facsimile: +1 202 747 5150
www.clydeco.com
joseph.bailey@clydeco.us

May 13, 2022

**VIA CM/ECF**

The Honorable Judge Edgardo Ramos
United States District Court for the Southern District of New York
40 Foley Square, Room 619
New York, NY 10007

   Re: *Seabury FXone LLC, et al. v. U.S. Specialty Insurance Company, et al.*;
      No. 1:21-cv-00837-ER

Dear Judge Ramos:

  Pursuant to Section 3.ii of the Court's Individual Practices and Paragraph 9 of the Confidentiality Stipulation and Order (ECF No. 29) (the "Protective Order"), U.S. Specialty Insurance Company ("U.S. Specialty") files this letter requesting that the Court permit U.S. Specialty to file redacted copies of documents that Plaintiffs produced and designated as "Confidential Discovery Material" under the Protective Order. These copies are exhibits to U.S. Specialty's Motion for Summary Judgment. In particular, U.S. Specialty requests that the Court permit it to file redacted copies of the following exhibits:

- Exhibit 1 – excerpts from the transcript of the December 8, 2021 deposition of Plaintiffs' corporate representative, Rob Fleschler, in this lawsuit;

- Exhibit 2 – the Award entered on August 19, 2020, in the arbitration involving Rosario Ingargiola and FXOne, LLC (collectively, the "Minority Shareholders"), on one hand, and Plaintiffs, on the other hand (the "Arbitration");

- Exhibit 3 – the Minority Shareholders' Demand for Arbitration, dated August 16, 2018, in the Arbitration;

- Exhibit 6 – the Minority Shareholders' Pre-Hearing Brief, dated January 17, 2020, in the Arbitration; and

Clyde & Co US LLP is a Delaware limited liability partnership with offices in Atlanta, Chicago, Denver, Las Vegas,
Los Angeles, Miami, New Jersey, New York, Orange County, Phoenix, San Francisco and Washington D.C.
Clyde & Co US LLP is affiliated with Clyde & Co LLP, a limited liability partnership registered in England and Wales.



- Exhibit 8 – excerpts from the Minority Shareholders' Post-Hearing Brief, dated March 31, 2020, in the Arbitration.

The parties conferred by e-mail on May 9, 11, and 12, 2022, regarding the anticipated exhibits that Plaintiffs designated as "Confidential Discovery Material." Plaintiffs agreed that U.S. Specialty need not redact or file completely under seal some of these exhibits relating to the confidential Arbitration. As to the exhibits listed above, Plaintiffs requested that U.S. Specialty redact "financial information…about losses, revenues, financial performance, or valuation, [that] is both competitively sensitive and irrelevant…." Plaintiffs proposed redactions to these listed exhibits, and U.S. Specialty has incorporated Plaintiffs' redactions into the filed copies.

The Supreme Court recognizes that the public has a presumptive right to inspect "judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, the "mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." *Id.* In the context of a motion for summary judgment, documents submitted to the Court are judicial documents to which a strong presumption of access attaches. *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). "[S]ealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* (citation and quotations omitted).

The summary-judgment exhibits at issue are judicial documents to which a strong presumption of public access attaches. *See id.* However, these documents contain one or more of Plaintiffs' sensitive commercial information, such as specific amounts of financial investments; ownership percentages connected to capital infusions; projected and actual revenue; and entity valuations. Plaintiffs desire to maintain the confidentiality of this information to protect their commercial interests. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts"). These interests overcome the right of public access. *See id.*; *see also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) ("Specific business . . . strategies . . . if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit.").

The proposed redactions are the least restrictive means available to protect Plaintiffs' information. The redactions are of specific amounts. U.S. Specialty has not redacted characterizations of Plaintiffs' financial information, permitting the public to access the more relevant context for the redacted amounts. Plaintiffs agree that none of U.S. Specialty's exhibits need to be filed completely under seal.

For the foregoing reasons, U.S. Specialty respectfully requests that the Court enter an order allowing U.S. Specialty to file redacted copies of Exhibits 1-3, 6, and 8 to U.S. Specialty's Motion

The Honorable Judge Edgardo Ramos
May 13, 2022
Page 3



for Summary Judgment. Per the Court's Individual Practices, U.S. Specialty has: (a) publicly filed these exhibits with the proposed redactions; (b) electronically filed under seal copies of the unredacted exhibits with the proposed redactions highlighted; and (c) caused courtesy copies of both iterations to be delivered to the Court.

                                                      Yours truly,
                                                      */s/ Joseph A. Bailey III*
                                                        */s/ Justin S. Levy*

cc:      Counsel of Record (via e-filing)