**MEMO ENDORSED**

**ZUKERMAN GORE BRANDEIS & CROSSMAN, LLP**

Eleven Times Square     212.223.6700
New York, New York 10036     212.223.6433 *fax*

www.zukermangore.com

June 9, 2022

<u>Via SDNY ECF</u>

The Honorable Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room. 619
New York, New York 10007

> The request to file redacted documents is granted. SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: June 10, 2022
> New York, New York

Re:    *Seabury FXone, LLC, et al. v. U.S. Specialty Co., et ano.*, Case No. 1:21-CV-00837-ER

Dear Judge Ramos:

    Pursuant to Section 3.ii of the Court's Individual Practices and Paragraph 9 of the Confidentiality Stipulation and Order (ECF No. 29) (the "Protective Order"), Seabury FXone LLC, Seabury Asset Management LLC, and Seabury International Capital Holdings LLC (collectively, "Seabury") files this letter requesting that the Court permit Seabury to file redacted copies of documents that Seabury produced and designated as "Confidential Discovery Material" under the Protective Order. These copies are exhibits to Seabury's Cross-Motion for Summary Judgment and Opposition U.S. Specialty Insurance Co.'s ("U.S. Specialty") Motion for Summary Judgment.

    In particular, Seabury requests that the Court permit it to file partially redacted copies of the following exhibits, which were designated as "CONFIDENTIAL" under the Protective Order, and require redactions to protect sensitive commercial information not relevant to this dispute:

- Exhibit 3, a copy of an August 14, 2015 letter from Ira P. Rothken to John K. Crossman;
- Exhibit 4, a copy of an August 17, 2015 letter from John K. Crossman to Ira P. Rothken;
- Exhibit 7, a copy of an August 24, 2015 email from Rosario Ingargiola to, among others, John Luth with attachments, including Ingargiola's letter of resignation;
- Exhibit 8, a copy of a September 1, 2015 email sent to US Specialty's claims department;

ZUKERMAN GORE BRANDEIS & CROSSMAN, LLP

The Honorable Edgardo Ramos, U.S.D.J.
June 9, 2022
Page 2

- Exhibit 9, a copy of a September 9, 2015 letter from Ira P. Rothken;
- Exhibit 12, a copy of the Arbitration Demand, dated August 16, 2018;
- Exhibit 13, a copy of Seabury's Response and Counterclaims to the Arbitration Demand, dated September 28, 2018, which was submitted to the Arbitrator in the arbitration proceeding;
- Exhibit 14, a copy of a November 6, 2018 letter from counsel for US Specialty to Mike Lang;
- Exhibit 15, a copy of Claimants' Reply to Seabury's Counterclaims, dated November 19, 2018;
- Exhibit 16, a copy of excerpts from Rosario Ingargiola's August 7-8, 2019 deposition taken during the arbitration proceeding;
- Exhibit 17, a copy of an October 16, 2019 letter from John K. Crossman to counsel for US Specialty;
- Exhibit 19, a copy of excerpts from Claimants' Pre-Hearing Brief, dated January 17, 2020, which was submitted to the Arbitrator in the arbitration proceeding;
- Exhibit 20, a copy of excerpts from Claimants' Opening Statement Presentation, dated February 3, 2020, which was submitted to the Arbitrator in the arbitration proceeding;
- Exhibit 21, a copy of excerpts from the transcript of the February 3, 2020 to February 20, 2020 hearing in the arbitration proceeding;
- Exhibit 22, a copy of excerpts from Claimants' Post-Hearing Brief, dated March 31, 2020, which was submitted to the Arbitrator in the arbitration proceeding;
- Exhibit 24, a copy of excerpts from Claimants' Post-Hearing Reply Brief, dated April 14, 2020, which was submitted to the Arbitrator in the arbitration proceeding;
- Exhibit 25, a copy of the Arbitrator's Decision in the arbitration proceeding, dated August 21, 2020;
- Exhibit 26, a copy of a November 17, 2020 letter from John K. Crossman to counsel for US Specialty;
- Exhibit 27, a copy of December 21, 2020 letter from counsel for US Specialty to John K. Crossman;
- Exhibit 30, a copy of excerpts from the December 8, 2021 deposition of Seabury's corporate representative, Rob Fleschler;

ZUKERMAN GORE BRANDEIS & CROSSMAN, LLP

The Honorable Edgardo Ramos, U.S.D.J.
June 9, 2022
Page 3

- Exhibit 32, a copy of Seabury's Response to US Specialty's 2nd set of Interrogatories, dated March 11, 2022;

- Exhibit 34, a copy of a March 11, 2015 email chain between John Luth, John Kuehne, Margaret Chan, and Mike Lang with attachment;

- Exhibit 35, a copy of a May 2, 2015 email chain between, among others, John Luth and Rosario Ingargiola; and

- Exhibit 36, a copy of an August 3, 2015 email chain between John Kuehne and Rosario Ingargiola.

Redactions to these documents are needed because they include highly sensitive financial information regarding losses, revenues, projections, capital contributions, financial performance, valuations, as well as details related to ownership holdings, names of clients, customers, and competitors, all of which are both competitively sensitive and irrelevant for the purposes of the pending motions for summary judgment. Redactions are also necessary to remove references to the expert reports of Mr. Ingargiola that were designated as confidential in the underlying arbitration.

Although the Supreme Court recognizes that the public has a presumptive right to inspect "judicial records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), the "mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." *Id.* The sealing of the documents is justified "with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (citation and quotations omitted).

The summary-judgment exhibits at issue contain Seabury's sensitive commercial information, such as specific amounts of financial investments, ownership percentages connected to capital infusions, projected and actual revenue, and entity valuations. Seabury desires to maintain the confidentiality of this information to protect their commercial interests. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts"). These interests overcome the right of public access. *See id.*; *see also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) ("Specific business . . . strategies . . . if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit").

ZUKERMAN GORE BRANDEIS & CROSSMAN, LLP

The Honorable Edgardo Ramos, U.S.D.J.
June 9, 2022
Page 4

      The proposed redactions are the least restrictive means available to protect Seabury's information. The redactions are of specific amounts. Seabury has not redacted characterizations of Seabury's financial information, permitting the public to access the more relevant context for the redacted amounts. None of Seabury's exhibits need to be filed completely under seal.

      For the foregoing reasons, Seabury respectfully requests that the Court enter an order allowing Seabury to file redacted copies of the above-referenced exhibits. Per the Court's Individual Practices, Seabury has: (a) publicly filed these exhibits with the proposed redactions; (b) electronically filed under seal copies of the unredacted exhibits with the proposed redactions highlighted; and (c) caused courtesy copies of both iterations to be delivered to the Court.

Respectfully,

*/s/ John K. Crossman*

John K. Crossman

cc:    Counsel of record